**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-40793
Summary Calendar

JENNIFER CAREY, Individually and As Representative of the
ESTATE OF GARY ANTHONY CAREY, Deceased, and
As Next Friend of DANIEL ANTHONY CAREY, and
LEE RICHARD CAREY and GARY MARTIN JOHN CAREY;
ANNE CAREY; and ROLAND LEE BRUMLEY,

Plaintiffs-Appellants,

VERSUS

SUB SEA INTERNATIONAL, INC.; SUB SEA OFFSHORE, LIMITED;
MOBIL CORPORATION; MOBIL NORTH SEA, LIMITED;
COOPER CAMERON CORPORATION; and
COOPER CAMERON (UK) LIMITED,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 1:98-CV-1917

March 23, 2000

Before SMITH, BARKSDALE and PARKER, Circuit Judges.

PER CURIAM:[1]

Plaintiff-Appellants seek reversal of the district court's dismissal of their case for lack of personal jurisdiction and for lack of a convenient forum. In addition, plaintiff-appellants seek remand of their suit to state court due to lack of complete

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

diversity.  Because we find that the district court did not abuse its discretion by addressing the issues of personal jurisdiction and *forum non conveniens* before determining subject-matter jurisdiction, we AFFIRM.

**FACTS AND PROCEEDINGS BELOW**

In a third attempt to recover damages under the laws of the State of Texas for an oilfield accident in the North Sea, appellants filed suit in state court in Jefferson County, Texas. Sub Sea Offshore managed the two employees that were injured in this accident: Gary Anthony Carey and Roland Lee Brumley.[2]  A portion of the wellhead involved in the accident was manufactured by Cooper Cameron (U.K.), Ltd. and was sold under contract to Mobil North Sea Ltd.

The district court held that the domestic defendants--Cooper Cameron, Sub Sea International, Inc. and Mobil Corporation--had no connection with the accident that was the subject of the suit and that they could not possibly be held liable to appellants. Thus, the district court concluded that these defendants were fraudulently joined.  The district court then determined that the foreign defendants--Mobil North Sea, Ltd., Cooper Cameron (U.K.) Ltd. and Sub Sea Offshore Ltd.--did not have sufficient contacts with the State of Texas to justify the court's exercise of personal jurisdiction over them.  As an alternative ground for

---

[2]  Mr. Carey was employed and trained by Sub Sea Offshore Ltd. Mr. Brumley was hired by Sub Sea Overseas, Inc., but was trained and paid by Sub Sea Offshore.

dismissal, the district court noted that the case would be better brought in Scotland because that was where all the witnesses were located.  Based on these findings, *inter alia*, the district court held that the motion to remand should be denied and that the motions to dismiss the case should be granted.

Appellants raise two primary points of error on appeal.  First, they argue that the district court did not have discretion to dismiss this case for lack of personal jurisdiction and *forum non conveniens* without first completely deciding subject-matter jurisdiction.  Second, appellants argue that the district court erred in finding that the domestic defendants were fraudulently joined.

### STANDARD OF REVIEW

Pursuant to the Supreme Court's decision in *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 119 S. Ct. 1563 (1999), a court's decision to address non-merits matters (such as personal jurisdiction and *forum non conveniens*) prior to deciding the issue of subject-matter jurisdiction is reviewed for abuse of discretion.  *See Marathon Oil*, 526 U.S. at ---, 119 S. Ct. at 1572.  A court's decision to grant a motion to dismiss for lack of personal jurisdiction is reviewed *de novo*.  *See Doddy v. OXY USA, Inc.*, 101 F.3d 448, 460 (5th Cir. 1996).  The appropriate standard by which to review the district court's decision to dismiss the case based on *forum non conveniens* is abuse of discretion.  *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981); *Dickinson Marine, Inc. v. Panalpina, Inc.*, 179 F.3d 331,

-3-

335 (5th Cir. 1999).

Because the district court's fraudulent joinder determination was resolved under a summary judgment-like procedure, *see, e.g.*, *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 n.18 (5th Cir. 1995) (citing cases), our review of that decision is *de novo*. *See id.* at 221 n.44 ("We have previously observed that the standard of review for a fraudulent joinder claim is similar to that used on a motion for summary judgment.") (citing *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 n.9 (5th Cir. Unit A Dec. 1981)).

## DISCUSSION

**I.   Fraudulent Joinder and Personal Jurisdiction.**

**A.   Subject-Matter Jurisdiction and Order of Determination.**

In *Marathon Oil*, the Supreme Court reviewed an *en banc* decision from this circuit which held that, in removed cases, a district court must decide the issue of subject-matter jurisdiction before deciding issues of personal jurisdiction. *See* 143 F.3d 211, 214 (5th Cir. 1998), *rev'd*, 526 U.S. 574, 119

S. Ct. 1563 (1999).[3] After noting that courts usually decide the question of subject-matter jurisdiction at the outset, the Supreme Court held that a court "does not abuse its discretion by turning directly to personal jurisdiction." *Marathon Oil*, 526 U.S. at ---, 119 S. Ct. at 1572. *See also Alpine View Co. v. Atlas Copco AB*, --- F.3d ---, ---, No. 97-20879, 2000 WL 223821, at *3 (5th Cir. Feb. 25, 2000).

The facts of *Marathon Oil* are strikingly similar to those of the case *sub judice*. Marathon joined an alien plaintiff as well as an alien defendant. The Court reasoned that if the joinder of the alien defendant was legitimate, the complete diversity required by the Federal Rules of Civil Procedure would have been absent. *See Marathon Oil*, 526 U.S. at ---, 119 S. Ct. at 1570. In this case, if joinder of the domestic defendants was legitimate, then diversity would have been absent because of the fact that at least one of the appellants was a Texas resident. We find that the district court did not abuse its discretion in determining that the domestic defendants were fraudulently joined prior to a finding on subject-matter jurisdiction.

After finding that the domestic defendants were fraudulently joined, the district court held that the foreign defendants lacked sufficient contacts with the State of Texas to establish personal jurisdiction under the Texas long-arm statute. Before

---

[3] The Supreme Court's opinion in *Marathon Oil* was not published until nearly a month after Judge Cobb filed his Memorandum Order.

performing our *de novo* review of this determination, we turn to the issue of whether the district court's decision to examine the question of personal jurisdiction before deciding subject matter jurisdiction was wrong.

We agree with appellees that appellants' argument that the district court could not proceed to the issue of personal jurisdiction after its finding of fraudulent joinder is simplistic. The appropriate inquiry is whether the district court, in its discretion, can dismiss the case on non-merits grounds before answering the question of subject-matter jurisdiction. The District of Columbia Court of Appeals has articulated this principle.

> Thus, although, subject-matter jurisdiction is special for many purposes (e.g., the duty of courts to bring it up on their own), a court that dismisses on other non-merits grounds such as forum non conveniens and personal jurisdiction, before finding subject-matter jurisdiction, makes no assumption of law-declaring power that violates the separation of powers . . . .
> * * *
> [D]ismissal for want of personal jurisdiction is independent of the merits and does not require subject-matter jurisdiction.

*Papandreou v. United States*, 139 F.3d 247, 255-56 (D.C. Cir. 1998), *quoted with approval in Marathon Oil*, 526 U.S. at ---, 119 S. Ct. at 1570. Under the facts of this case, we find that the district court did not abuse its discretion in resolving the issue of personal jurisdiction antecedent to a finding on subject-matter jurisdiction.

**B.    Fraudulent Joinder.**

The district court held that the affidavits and exhibits to

-6-

defendants' motion to dismiss amply support their contention of fraudulent joinder. Appellants argue that this ruling should reversed and remanded because the district court acted *sua sponte* in violation of their due process rights. After examination of the record, we disagree. The district court's fraudulent joinder ruling is affirmed.

### C. Personal Jurisdiction.

The district court determined that the foreign defendants-- Mobil North Sea, Ltd., Cooper Cameron (U.K.) Ltd. and Sub Sea Offshore Ltd.--were not amenable to suit in the United States. We find nothing in the record to dispute this finding. The district court's ruling on personal jurisdiction is affirmed.

## II. *Forum Non Conveniens.*

Appellants argue that the district court's *forum non conveniens* ruling was erroneous because it lacked subject-matter jurisdiction to make this determination. This argument fails whether it is applied to personal jurisdiction or *forum non conveniens*. *See Marathon Oil*, 526 U.S. at ---, 119 S. Ct. at 1570 ("It is hardly novel for a federal court to choose among threshold grounds for denying audience to a case on the merits."); "Forum non conveniens does not raise a jurisdictional bar but instead involves a deliberate abstention from the exercise of jurisdiction. While such abstention may appear logically to rest on an assumption of jurisdiction, it is as merits free as a finding of no jurisdiction." *Papandreou*, 139 F.3d at 255 (citations omitted). For reasons similar to those

stated *supra*, we decline to accept appellants' rigid sequencing of appropriate district court actions which is contrary to the letter and spirit of *Marathon Oil*.

Because we find that the district court did not abuse its discretion in dismissing appellants' case on the grounds of *forum non conveniens*, we affirm.

## CONCLUSION

We find that the district court did not abuse its discretion in ruling on the issues of personal jurisdiction and *forum non conveniens* prior to making a finding that subject matter jurisdiction existed. Furthermore, the district court's ruling on fraudulent joinder and its ruling on personal jurisdiction with respect to the foreign defendants were not erroneous.

AFFIRMED.